**Anna RUFINO, as Guardian ad Litem of Neil Rufino, and Anna Rufino, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 83 Civ. 2288 (CES).

United States District Court,
S.D. New York.

March 18, 1986.

On Motion for Revision of Decision
June 23, 1986.

Kramer, Dillof, Tessel, Duffy & Moore, New York City (Charles Kramer, of counsel), for plaintiffs.

Alan Nisselson, U.S. Atty., New York City, of counsel, for defendant.

## MEMORANDUM DECISION

STEWART, District Judge:

Anna Rufino as Guardian ad Litem of Neil Rufino and on her own behalf has brought suit under the Federal Tort Claims Act against the United States of America, claiming damages as a result of the defendant's negligence. On April 12, 1981, Neil Rufino was a patient at the Veterans Administration ("V.A.") Hospital in the Bronx and, following heart surgery, he sustained injuries which rendered him comatose. The defendant has conceded liability. Trial was held solely on the issue of damages.

Rufino, was then 56 years of age, was operated on for myocardial infarction on April 12 and was apparently successfully recovering from surgery when, on April 14, as a result of the negligence claimed by plaintiff, he developed hypoxic encephalopathy and suffered massive brain damage, as a result of which he fell into a coma. He has remained a patient at the hospital since that time.

Rufino retired prior to 1981. He receives Veteran's disability benefits totalling $3,302 per month, of which $1,928 are additional benefits due to the incident which occurred on April 14, 1981. He will receive these benefits for the rest of his life. Having been previously designated as an 80% service-connected disabled veteran, he is eligible for continued care at any V.A. hospital, for total treatment for the rest of his life at any private nursing home with which the V.A. has a contract, and to have any surgical and medical procedure performed by other doctors so long as such procedure is approved by a supervising V.A. physician. Rufino's family have, how-

ever, chosen to continue to have him remain at the Bronx V.A. hospital for the five years since the incident occurred. Since he can continue to receive this free medical care for his lifetime and plaintiff has indicated no dissatisfaction with it, we decline to grant any claim for past or future medical expense.

Prior to the operation on April 12, 1981, plaintiff suffered from a history of hypertension, diabetes and obesity. The treating doctors and expert medical witnesses who testified agreed that Rufino has suffered extremely severe brain damage from which he will never recover. The only difference of opinion of any substance is the extent to which his condition has improved, if at all. Plaintiff's experts, relying on brief personal observations, on observations by members of Rufino's family and of a V.A. hospital nurse, and on hospital records, believe that Rufino's present condition may be described as a partially locked-in syndrome. In their view, he occasionally responds to stimulation in an understanding way and, although he has no means of communication, he is able to sense and understand voices and other means of communication attempted by members of his family. He can in their view experience pain, as indicated by his reaction, for example, when a pin is stuck in his foot. They believe that there is reason to believe that his condition has improved, although only to a limited extent. Significant improvement in the future, moreover, does not seem likely. He will continue to be a helpless, immobile patient for his remaining life.

One of defendant's witnesses, a V.A. hospital physician who sees Rufino frequently as part of his medical practice, does not believe that there has been any significant improvement. Although he observes that Rufino responds to some stimuli, he finds no significant cognition or purposefulness in these responses. They are, he believes, only spontaneous reactions, without any accompanying understanding.

Defendant's expert also disagrees with plaintiff's experts. He has personally examined Rufino and has reviewed the same material available to plaintiff's experts. He does not believe that Rufino in fact experiences or senses pain when stuck with a pin; rather, his reaction is only spontaneous and not purposeful. He also disagrees with the view that Rufino has a partially locked-in syndrome; in his view, it is not partial but total. He finds Rufino's life expectancy to be poor and no reason to believe there will be any improvement in his condition.

■ The medical experts, as we have attempted to indicate above, agree generally that Rufino's basic disability will not change; * to the extent they disagree, it is on the question whether he has begun to show some limited and occasional, but infrequent awareness of stimuli and other actions taken principally by members of his family in his presence. We are inclined to accept as more reliable the testimony of the defendant's witnesses, one of whom has had frequent opportunities over the past several years to observe Rufino. We accept, however, the testimony of plaintiffs' experts to the extent that they have found some evidence of very limited conscious pain and suffering. Accordingly, we find that under all the circumstances, plaintiff is entitled to recovery on the claims for past and future pain and suffering and for loss of consortium. (Plaintiff makes no claim for past or future earnings since Rufino had retired at the time of the injury.)

Plaintiff is awarded $75,000 for pain and suffering (past and future) and $75,000 for loss of consortium (past and future). In making these awards, we have taken into account the $71,114.67 which plaintiff has received as of December 1, 1985, as additional benefits from the V.A. because of the incident on April 14, 1981. We have also taken into account his relatively short

---

* Plaintiff's expert testified: "I don't think there would be improvement of the general level of his brain and brain stem functioning but in communicating perhaps." Ex. 1, p. 107.

life expectancy. Plaintiff may submit a judgment.

SO ORDERED.

## ON MOTION FOR REVISION OF DECISION

At the completion of the trial in this action on January 21, 1986, we indicated to counsel that a date for closing arguments to the court would be set for sometime in the near future. However, after reviewing the record, we concluded that closing arguments would not be useful and issued our decision, dated March 18, 1986. We overlooked the fact that plaintiffs' counsel had not submitted any post-trial brief, although defense counsel had done so.

Plaintiffs have now filed a motion "for revision of the Court's memorandum decision and order and for a new trial on certain of the issues." Thereafter, we heard oral argument on the motion, which gave plaintiffs' counsel the opportunity (which he quite properly took advantage of) to in effect deliver his closing argument. Taking into account this argument and the briefs submitted by the parties on the motion, we supplement our prior decision as follows.[1]

Plaintiffs' principal contention is that damages should have been awarded for loss of the normal pursuits and pleasures of life, which they contend is an item of damages separate and distinct from pain and suffering. Plaintiffs also contend that the damages awarded in our decision were inadequate.

Plaintiffs' complaint sets forth two causes of action—one for Neil Rufino's pain and suffering and the other for Anna Rufino's loss of consortium. The complaint does not include a cause of action for loss of the normal pursuits and pleasures of life. However, plaintiffs rely on *Korek v. United States*, 734 F.2d 923, 929 (2d Cir.1984) in contending that "all elements of damages" should be considered here. As plaintiffs point out, loss of normal pursuits and pleasures of life has been recognized as a proper element of damages, separate and distinct from pain and suffering. *See, e.g., Shaw v. United States*, 741 F.2d 1202, 1208 (9th Cir.1984); *Thompson v. National Railroad Passenger Corp.*, 621 F.2d 814, 824 (6th Cir.), *cert. denied*, 449 U.S. 1035, 101 S.Ct. 611, 66 L.Ed.2d 497 (1980); *Lebrecht v. Bethlehem Steel Corp.*, 402 F.2d 585, 592 (2d Cir.1968). Defendant, on the other hand, relies on *Flannery v. United States*, 718 F.2d 108, 111 (4th Cir.1983), *cert. denied*, 467 U.S. 1226, 104 S.Ct. 2679, 81 L.Ed.2d 874 (1984), in arguing that damages for loss of enjoyment of life may not be awarded here.

In any event, we conclude that on the facts of this case, plaintiff Neil Rufino is not entitled to an award for loss of the pursuits and pleasures of life. Plaintiff is in a comatose condition with no cognitive awareness.[2] The cases cited to us by the plaintiffs with respect to this issue uniformly involve a plaintiff with the mental capability of understanding and appreciating those "pursuits and pleasures" and the resulting loss thereof. Here, however, we have found that this plaintiff has no such capability. Consequently, we are not persuaded that he is entitled in this respect to a separate award in addition to that for "pain and suffering."

We are persuaded, however, that the damages to be awarded for loss of services, past and future, should be in-

---

1. The motion is entitled Motion for Revision of the Court's Memorandum Decision and Order and for a New Trial on Certain of the Issues. However, no reference was made to a New Trial in plaintiff's supporting papers or in oral argument. Accordingly, the motion is denied in that respect.

2. A nurse at the VA (Burnett) testified on cross-examination that her evaluation of plaintiff was based on her observation of levels of consciousness, "an accepted nursing standard" (Tr. 53). She distinguished this evaluation from a *medical* diagnosis, which involves a determination of whether or not a patient's response to stimuli is a function of the brain. Although the nurse has observed some occasional reactions by plaintiff, such as to noxious odors and pain, she has been unable to elicit responses to "verbal commands" or "threats".

creased. Accordingly, our award in this respect is increased by $25,000 to $100,000.

In making our awards of damages, we have taken into account the probable life expectancy of the parties; in this respect, as plaintiffs' counsel has conceded, Neil Rufino's life expectancy is obviously less than that of a man in good health. We have also discounted the awards to their present value.

Accordingly, we reaffirm our award of $75,000 for the pain and suffering endured by Neil Rufino and award Anna Rufino $100,000 for loss of consortium. Plaintiffs may submit a judgment.

SO ORDERED.

